UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Case No. 09-1601 (RJL) |
| GARY LOCKE, Secretary, U.S. | ) |
| Department of Commerce, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER
(July 27, 2010) [#9]

Plaintiff, Janet Howard ("Howard"), acting *pro se*, brings this action against Gary Locke ("defendant"), Secretary of the Department of Commerce ("Agency"), appearing to allege that her termination from the Agency was motivated by retaliation made unlawful under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Before the Court is defendant's Motion for Summary Judgment, or in the Alternative, to Dismiss Under Rule 8(a). Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the defendant's Motion for Summary Judgment is GRANTED.

The plaintiff's complaint copies and pastes large swaths of unproven allegations and immaterial assertions concerning her prior EEO and district court complaints, rather than focusing on her current claims and allegations. To the best I can decipher, the only indication plaintiff has given of her cause of action is the following sentence: "Plaintiff allege discriminated and Involuntary removal from federal career service for prior EEO activity and filing a class complaint (civil action no. 05-1968 (JDB)." Compl. 1

(referencing a failed class action that Howard is now pursuing on an individual basis in the District Court before Judge Bates). Accordingly, I will construe the Complaint as alleging that Howard was wrongfully terminated, for both discriminatory and retaliatory reasons.

Howard was removed from her position at the Agency for performance-based reasons effective April 25, 2008. *See* Decision Regarding Proposed Removal, Apr. 21, 2008, Def.'s Mot. for Summ. J. ("Def.'s Mot.") Ex. 3. On May 16, 2008, plaintiff filed a mixed case appeal of the removal decision with the Merit Systems Protection Board ("MSPB"). *See* MSPB Initial Decision, Nov. 7, 2008, Def.'s Mot. Ex. 5. Ultimately, the MSPB determined that plaintiff's complaint did not merit relief and that the Agency had sufficiently proven plaintiff's unacceptable performance. *See id.*; MSPB Final Order, May 19, 2009, Def.'s Mot. Ex. 20. After the EEOC Office of Federal Operations ("OFO") denied plaintiff's petition for review, Howard filed this action on August 24, 2009.[1] *See* EEOC OFO Decision, July 7, 2009, Def.'s Mot. Ex. 21.

Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment shall be granted when the record demonstrates "that there is no genuine issue as

---

[1] The Court notes that this case is related to *Howard v. Evans*, No. 04-756 (D.D.C. filed May 11, 2004). Howard was represented by counsel in that case, in which she alleged violations of the Rehabilitation Act of 1973 and Title VII on the theory that the Agency failed to provide reasonable accommodations for her disabilities and also did so in retaliation. On January 13, 2010, this Court granted the defendant's Renewed Motion for Summary Judgment, finding all of plaintiff's claims to be insufficient as a matter of law. *Howard v. Evans*, No. 04-756, slip op. at 7 (D.D.C. Jan. 13, 2010).

to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing same). In deciding whether there is a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (quoting Fed. R. Civ. P. 56(e)).

"It is well understood in this Circuit that when a plaintiff files an opposition to a motion . . . addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Nwachuku v. Jackson*, 605 F. Supp. 2d 285, 286 n.1 (D.D.C. 2009) (quoting *United States v. Real Property Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 61 (D.D.C. 2003)). Similarly, Local Rule 7(h) provides that "[i]n determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h); *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 154 (D.C. Cir. 1996) ("[P]ursuant to the remedy afforded by Rule [7(h)], the district court is to deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [7(h)] statement.").

In this case, after defendant filed his motion for summary judgment, the Court specifically instructed Howard, a *pro se* plaintiff, on her need to respond to the defendant's statement of undisputed material facts and the arguments set forth in the defendant's opening brief, or else risk the Court treating defendant's motion as conceded. *See* Order, *Howard v. Locke*, No. 09-1601 (D.D.C. Dec. 23, 2009) (Dkt. 11) (citing *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), and *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992)). Nevertheless, plaintiff's opposition utterly fails to address both the facts set forth in the defendant's statement of undisputed material facts and the arguments for summary judgment made in defendant's opening brief. Rather, plaintiff's opposition continues the same misguided approach she adopted in drafting her complaint, i.e., copying and pasting allegations and assertions irrelevant to her current claim, which concerns her termination from the Agency. Other than one unspecific passage, Howard's opposition consists solely of a rehash of her previous filings and is therefore not a *response* to defendant's motion. *See* Pl.'s Opp'n 6-7 (briefly describing the administrative process and stating a general complaint of unfair treatment). As such, plaintiff does not contest that she failed to participate in the administrative process, including repeatedly failing to respond to the Agency's discovery requests and deposition notices to the point that the administrative law judge ("ALJ") sanctioned Howard. *See* Def.'s Mot. 7 (citing MSPB Order, Sept. 10, 2008, Def.'s Mot. Ex. 11). Nor does Howard contest that the ALJ, in all practical effect, struck the allegations of discrimination and retaliation because of Howard's failure to

4

cooperate in the administrative process. *Id.* (citing same). Plaintiff also fails to contest or otherwise address the legal authority cited by defendant that renders her failure to cooperate an insurmountable bar to this action. *See id.* 11-13. As a result, Howard has effectively conceded the grounds for defendant's motion for summary judgment.

Therefore, in light of the plaintiff's concession and the Court's review of the motions, the relevant law cited therein, and the record, it is hereby

**ORDERED** that the defendant's Motion for Summary Judgment [#9] is **GRANTED**, and it is further

**ORDERED** that the above-captioned case be **DISMISSED** with prejudice.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge